REQUESTED BY: Dear Senator:
You have requested our opinion on proposed amendments to L.B. 518, printed in the Legislative Journal on page 498 and 499. You proposed to strike the original section 8 of 518 and insert two sections, section 8 and section 9. In the proposed amendment section 8 provides for a method of distributing money to counties from the personal property tax relief fund. The personal property tax relief fund is established by section 1 of L.B. 518 and provides that it shall be funded by the Legislature from funds collected through the general sales and income tax. The purpose of this fund is to replace some of the revenue lost because of a personal property tax exemption authorized by sections 77-202.25 through .29 and sections 1, 3, and 5 of L.B. 519. Section 8 in the proposed amendment would now add lands ceded to the federal government under the Laws of 1883, Chapter 90 as a factor to be used in determining the proration of the funds in the Property Tax Relief Fund to the counties. We find no constitutional difficulty with section 8 of the proposed amendment. We would point out however that in the original bill, a specific year is used as a reference point in arriving at the proportionate distribution in the counties in the proposed amendment no year of reference is used. This may pose some difficulty in determining the correct apportionment of the funds in any one year for lack of a standard against which to make such a determination. We would suggest that this matter should cleared up by using a reference standard for making the determination.
L.B. 518 is a general act to reduce personal property taxation in the counties. It has a further purpose of reimbursing the counties for lost revenues as the result of this action. Section 9 of the proposed amendment provides that:
 "Sec. 9. No person shall avoid payment of personal property taxes because personal property of such person is located within lands ceded to the United States under Laws 1883, c. 90. Such taxes shall be paid by the person in the same manner as if such personal property were not located within such lands. Any personal property of a person which, for any reason, has not been assessed or has escaped taxation for any former year or years when such property was liable to taxation, shall be assessed at the same rate as imposed upon the property in the governmental subdivision of the state in which the property should have been returned for taxation. Such tax shall be assessed each year the tax should have been listed and shall be assessed equal to the assessment that would have been charged against such property had it been properly listed and assessed. In addition to such tax, there shall be added a penalty of fifteen per cent of the amount of the tax due."
We have been informed that you intend to strike the last sentence of the proposed amendment and therefore this opinion will not discuss any issues raised by that sentence. The effect of this amendment is that persons having personal property located on lands under the jurisdiction of the United States shall be subject to personal property tax to the same extent as if the property were not located upon federal land. It is our opinion that this section is simply declaratory of existing state law. This same issue went to the Supreme Court of the United States in Offutt Housing Company County of Sarpy, 351 U.S. 253,100 L.Ed. 1151, 76 S.Ct. 814 (1955), that case land owned by the United States Government had been leased to a private corporation which in turn constructed houses upon the land. Sarpy County assessed a tax against the value of the improvements on the land as a personal property tax. The United States Supreme Court held that such taxation was proper under acts of Congress authorizing such state taxation of privately held property upon lands the title to which was held by the federal government. We believe that the same rationale is still applicable and pertinent to personal property located on government lands that is not the property of governmental subdivision or otherwise exempt from taxation. While a specific factual context would be necessary in order to determine whether particular property may be taxable or nontaxable, we believe that in general it is correct to state that private personal property although located upon publicly held lands is still subject to taxation. Since we believe that this is the case in the State of Nebraska under Chapter 77, Article 12, we feel that it would be inappropriate to express an opinion on the constitutionality of proposed amendment 9 on this basis.
We would caution, however, that section 9 does appear to have a slightly different subject matter than that contained in L.B. 518. 518 is a bill relating to property tax exemptions whereas section 9 of the proposed amendment relates to the taxation of personal property located upon land held by the federal government. This of course may be in conflict with the constitutional provision, Article III, Section 14, which prohibits the enactment of bills containing more than one subject. While this bill is not clearly violative of this section it does appear to be a borderline case and it might be more prudent if this section declaratory of existing law were separately enacted.